**FA BAO CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–1729–ag.**

United States Court of Appeals, Second Circuit.

May 1, 2006.

---

1. Pursuant to Federal Rule of Appellate Pro-  cedure 43(c)(2), Attorney General Alberto R.

G. Victoria Calle, Calle & Lee LLP, New York, New York, for Petitioner.

Because the Court did not receive a brief from the respondent within fifteen days of the January 20, 2006 due date specified in the scheduling order issued on January 4, 2006, this case has been decided without the benefit of respondent's brief. See Local Rule § 0.29(d), for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. CHESTER J. STRAUB, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Fa Bao Chen (A 73 33 381), though counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Robert Weisel's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating

Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see, e.g., Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). When the IJ fails to address critical evidence or testimony, however, the record is insufficient for this Court to evaluate the propriety of the adverse credibility finding, and remand is required. See Cao He Lin v. U.S. Dep't of Justice, 428 F.3d 391, 401 (2d Cir.2005).

■ Here, the inconsistencies noted by the IJ would clearly support an adverse credibility finding, if left unexplained. In his 1993 asylum application, Chen failed to mention that he had been sterilized, as he later testified. This omission went to the heart of his persecution claim, and therefore would be sufficient to support the adverse credibility finding, standing alone. See Xu Duan Dong v. Ashcroft, 406 F.3d 110, 111–12 (2d Cir.2005). Moreover, there were additional inconsistencies between the written and testimonial accounts regarding whether Chen was ever fined and whether his wife's second pregnancy was ever discovered.

However, Chen did not leave these discrepancies unexplained; he claimed that he had become aware of the errors in his 1993 application prior to his asylum interview and submitted an amended application to the asylum office in August 2001. Although there was no evidence of any such filing in the record, the IJ, as fact-finder, was required to address this factual dispute and Chen's arguably plausible explanation before concluding that Chen offered "no reasonable explanation" for the discrepancies. The IJ was not required to credit Chen's explanation, but was required to indicate he at least considered this significant factual assertion in the record. See Cao He Lin, 428 F.3d at 403.

■ After having testified about the 2001 filing, Chen provided documentary evidence when he filed his notice of appeal with the BIA, attaching a copy of his purported letter to the asylum office and amended application. The BIA did not address this evidence, and instead affirmed the IJ without opinion. While the BIA was also not required to credit Chen's explanation, it did retain the authority to remand to the IJ for further fact-finding. See 8 C.F.R. § 1003.1(d)(3)(iv). The agency's failure to address this factual dispute to any degree significantly confounds our review. See Yan Chen v. Gonzales, 417 F.3d 268, 275 (2d Cir.2005) ("Where the [agency] fails to consider important evidence supporting a petitioner's claim, we are 'deprived of the ability adequately to review' the claim and must vacate the decision and remand for further proceedings") (quoting Tian–Yong Chen v. INS, 359 F.3d 121, 129 (2d Cir.2004)). Therefore, the BIA's order is vacated and the case is remanded to allow the agency to determine (1) whether the 2001 application was ever filed with the asylum office,[2] and (2) if

2. We note that the factual dispute is apparent from the existing record, even without Chen's additional evidentiary submission contained in his Joint Appendix. The certified mail receipt is relevant to his claim that he filed the amended application with the Rosedale asylum office in August 2001, but was not timely submitted to the BIA. Moreover, Chen's counsel may have violated the Civil Appeals Management Plan's ("CAMP") strict confidentiality requirement in disclosing that this item was presented during a CAMP conference.

See U.S. Court of Appeals for the Second Circuit, Guidelines for Conduct of Pre–Argument Conference Under the Civil Appeals Management Plan, at http://www.ca2.uscourts.gov/ (last visited Mar. 21, 2006) (noting that the parties are "prohibited from advising members of the court or any unauthorized third parties of discussions or action taken at the conference"). Because we do not know whether the parties agreed to make this item part of the record, we did not consider it in making our decision.

so, whether the filing of an amended statement was adequate to excuse the discrepancies in the 1993 application.

■ Chen has waived any challenge regarding his CAT claim by failing to raise this issue before this Court. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED, in part, the BIA's order is VACATED, in part, and the case is REMANDED for further proceedings.